UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL H. HOLLAND, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:21-cv-00567-TJK |
| v. | ) | |
| | ) | |
| BRENDA L. MURRAY, EXECUTOR OF THE ESTATE OF ROBERT E. MURRAY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ESTATE OF ROBERT E. MURRAY'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiffs' Motion for Leave to File a Surreply (ECF #41) in opposition to the Estate's Motion to Dismiss should be denied. *First*, contrary to Plaintiffs' assertion, Section I of the Estate's Reply Brief in support of its Motion to Dismiss did not "change[] course" or raise any "new argument" in pointing out that Congress lacks the constitutional authority to erase Article III's standing requirements—including causation—via ERISA or other legislation. (*See* ECF #40 at 7-15.) Rather, the Estate simply was *responding to Plaintiffs' contention* in their Opposition Brief that Plaintiffs do not have to demonstrate Article III causation because ERISA, 29 U.S.C. § 1301(b)(1), imposes "controlled group" withdrawal liability on the Estate and other members of the Murray Energy Defendants' alleged "controlled group" without requiring any showing of causation. (*See* ECF #40 at 7-8, 14 (responding to Pls.' Opp. at 6 (arguing that "the [§ 1301(b)(1) controlled group] statutory liability at issue attaches under ERISA *regardless* of who 'caused' the underlying withdrawal" (emphasis in original)); *see also* ECF #40 at 14 (further responding to Pls.' Opp. at 6 (same); *id.* at 13 (arguing that "ERISA imposes withdrawal liability without regard for who 'caused' the withdrawal"); *id.* at 15 (arguing that "[n]o showing of fault by the controlled

group member is necessary. Again, that is why the Estate is liable.")).) For this reason alone, a surreply is unnecessary.

*Second*, Plaintiffs' proposed surreply is unhelpful to the Court because it mischaracterizes the Article III point that the Estate actually made in its Reply Brief at 7-15 in an ill-fated effort to frame the Estate's argument as a "novel" issue. To be sure, the Estate is not arguing—as Plaintiffs contend—that Congress is precluded from enacting vicarious liability provisions in ERISA or any other statutory scheme. Rather, the Estate's argument is that Congress lacks the constitutional power to legislatively eliminate *Article III's standing requirements*—a settled proposition for which United States Supreme Court and other judicial precedents abound. (*See* ECF #40 at 10-11 (collecting authorities).) Plaintiffs' proposed surreply veers off course in addressing other, irrelevant issues not raised by the Estate. The surreply therefore should not be considered.

*Finally*, if the Court decides to grant Plaintiffs' motion and consider Plaintiffs' proposed surreply, the Estate respectfully requests leave to submit a response thereto, not to exceed five pages in length.

Dated: March 17, 2022                                Respectfully submitted,


/s/ Benjamin R. Ogletree
Kerry Brainard Verdi, Esq.
Bar No. 478486
Benjamin R. Ogletree
Bar No. 475094
VERDI & OGLETREE PLLC
1325 G Street, NW, Suite 500
Washington, DC 20005
Telephone: (202) 449-7703
Facsimile: (202) 449-7701
bogletree@verdiogletree.com
kverdi@verdiogletree.com

*Counsel to Defendant Estate of Robert E. Murray*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served upon all parties of record by filing in the Court's electronic filing system this 17th day of March, 2022.

                                            */s/ Benjamin R. Ogletree*
                                            Benjamin R. Ogletree